Lucy JACKSON, Plaintiff,

v.

VERI FRESH POULTRY, INC.,
Defendant.

Civ. A. No. 68–819.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 16, 1969.

Ernest N. Morial, New Orleans, La., for plaintiff.

Herbert W. Christenberry, Jr., New Orleans, La., for defendant.

CASSIBRY, District Judge:

The plaintiff Lucy Jackson seeks redress against the defendant Veri Fresh Poultry, Inc., a poultry processing plant in Hammond, Louisiana, for

alleged unlawful termination of her employment with the defendant in violation of 42 U.S.C. § 2000e et seq.[1] (Civil Rights Act of 1964). That Act provides for the creation of an Equal Employment Opportunity Commission. 42 U.S.C. § 2000e–4. The Commission's purpose is to enforce the Act. It is also authorized to promulgate regulations consistent with the purposes of the Act. Section 1605.1 of the Regulations clearly supports plaintiff's position in this case.[2] Great weight should be given to this administrative interpretation of the Act. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

Plaintiff's employment was terminated on November 16, 1966 and on February 10, 1967 she filed a charge with the Equal Employment Opportunity Commission, which determined on November 3, 1967 that there was reasonable cause to believe that defendant had engaged in unlawful employment practice under the Act, and the Government attempted to effect a settlement of plaintiff's claim with the defendant. Defendant offered plaintiff full reinstatement but without lost pay in settlement of her claim, but plaintiff refused the offer and filed this suit. Later plaintiff was offered employment again without regard to her grievance against defendant and she did return to work on February 23, 1968 and quit work on her own volition thereafter, so that in any event she would not be entitled to back pay beyond February 23, 1968.

At all pertinent times plaintiff's religious affiliation was Seventh Day Adventist.

Plaintiff proved her case by a preponderance of the evidence and will therefore be given judgment awarding her back pay from November 16, 1966 to February 23, 1968, less any amount she earned in other employment during that period.

Only two witnesses were produced at the trial, the plaintiff for herself, and Rene Tricou, vice-president and general manager of defendant company, for the defendant. Mr. Tricou's testimony was largely hearsay and was of little probative value. Mrs. Jackson testified that she was hired as a chicken picker at $1.25 an hour by defendant on August 9,

1. Section 703(a) (1) of the Act provides in part:

"It shall be an unlawful employment practice for an employer * * * (1) to * * * discharge an individual * * * because of such individual's * * * religion, * * *."

The act makes exception to this rule only in those instances where religion is a "bona fide occupational qualification reasonably necessary to the normal operations of that particular business or enterprise."

2. "Section 1605.1 Observance of Sabbath and other religious holidays.— (a) Several complaints filed with the Commission have raised the question whether it is discrimination on account of religion to discharge or refuse to hire employees who regularly observe Friday evening and Saturday, or some other day of the week, as the Sabbath or who observe certain special religious holidays during the year and, as a consequence, do not work on such days.

"(b) The Commission believes that the duty not to discriminate on religious grounds, required by section 703(a) (1) of the Civil Rights Act of 1965, includes an obligation on the part of the employer to make reasonable accommodations to the religious needs of employees and prospective employees where such accommodations can be made without undue hardship on the conduct of the employer's business. Such undue hardship, for example, may exist where the employee's needed work cannot be performed by another employee of substantially similar qualifications during the period of absence of the Sabbath observer.

"(c) Because of the particularly sensitive nature of discharging or refusing to hire an employee or applicant on account of his religious beliefs, the employer has the burden of proving that an undue hardship renders the required accommodations to the religious needs of the employee unreasonable.

"(d) The Commission will review each case on an individual basis in an effort to seek an equitable application of these guidelines to the variety of situations which arise due to the varied religious practices of the American people."

1966 and worked 40 hours a week and, more or less, 8 hours a day until her discharge.

In November 1966 she became concerned about the probability that she might be required to work after 5:00 o'clock P.M. on Friday or to work on Saturday. She informed her foreman, Mr. Ray Taylor, that she would be unable to work between approximately 5:00 P.M. Friday and 5:00 P.M. Saturday because in her religion that was considered the Sabbath and her religion forbade her to work on the Sabbath. Her foreman told her that there would probably be no problem, but he would speak to the superintendent, Mr. Ketchum, about the matter and discuss it further with her the next day. That evening she happened to see Mr. Ketchum and he told her he did not think there would be a problem with her hours of work. The next day Mr. Taylor told her he had spoken with Mr. Ketchum and Mr. Ketchum said that if plaintiff could not work after five or on Saturday they could not use her. Plaintiff said that was not what Mr. Ketchum had told her but Taylor insisted that if she did not want to work the company hours, she could get her pay and leave. This testimony was unrefuted by any credible evidence and the Court is constrained to find under the circumstances that plaintiff was discharged because of her religion. I am convinced also that plaintiff is sincere in her religious beliefs.

There is no evidence that the defendant would suffer any hardship should plaintiff prevail in this case. Since the defendant's actions clearly violated the Civil Rights Act, the Court does not reach the question of whether plaintiff's constitutional rights have been violated. Defendant's business is not one where religion is a "bona fide occupational qualification reasonably necessary to the normal operations of that particular business or enterprise."

The Court is impressed by the opinion of United States District Judge Noel P. Fox of the Western District of Michigan in the case of Dewey v. Reynolds Metals Co., 300 F.Supp. 709, decided June 6, 1969, a case strikingly similar to the instant case. I find that defendant's discharge of plaintiff was violative of 42 U.S.C. § 2000e for the same reasons given by Judge Fox in the *Reynolds Metals* case, and that she is entitled to back pay from November 16, 1966 to February 23, 1968, less any amount she has earned in that time.

The Clerk will enter judgment accordingly.